UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DUNIA PINO PEREZ a/k/a DUNIA PINO )
and all others similarly situated under 29 )
U.S.C. 216(b), )
 )
      Plaintiff, )
vs. )
 )
FIRST QUALITY HOME CARE INC., )
DULCE M. CUETARA, )
 )
      Defendants. )
_____ )

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS, CLAIM UNDER 29 U.S.C. 201- 216 FOR OVERTIME AND MINIMUM WAGE VIOLATIONS AS AN ALTERNTIVE TO PLAINTIFF'S OVERTIME WAGE COUNT I**

Plaintiff, DUNIA PINO PEREZ a/k/a DUNIA PINO, on behalf of herself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, FIRST QUALITY HOME CARE INC., DULCE V. CUETARA, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant FIRST QUALITY HOME CARE INC., is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant DULCE M. CUETARA is a corporate officer and/or owner and/or

manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION[1]

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

---

[1] To the extent Plaintiff's claim in Count I overlaps with Plaintiff's Claim in Counts II and III, Plaintiff is claiming the higher of the two applicable rates.

9. Plaintiff worked for Defendants as an ALF worker/attendant tending to the aged and infirmed from on or about July 10, 2009 through on or about August 10, 2017.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, 2015, and 2016.

13. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $250,000 for the first six months of the year 2017 and is expected to exceed $500,000 for the year 2017.

14. 29 USC 203(s)(1)(B) also states that an enterprise engaged in commerce or in the production of goods for commerce is "an enterprise that is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective

who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit)."

15. Upon information and belief Defendant FIRST QUALITY HOME CARE INC., is an assisted living facility.

16. The individual Defendant, DULCE M. CUETARA, were Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

17. 29 C.F.R. § 785.38 states, "Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked. Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice. If an employee normally finishes his work on the premises at 5 p.m. and is sent to another job which he finishes at 8 p.m. and is required to return to his employer's premises arriving at 9 p.m., all of the time is working time. However, if the employee goes home instead of returning to his employer's premises, the travel after 8 p.m. is home-to-work travel and is not hours worked."

18. Between the period of on or about July 10, 2009 through on or about December 31, 2017, Plaintiff worked an average of 77.5 hours a week for Defendants and was paid an average of $8.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

19. Between the period of on or about January 1, 2017 through on or about August 10, 2017, Plaintiff worked an average of 77.5 hours a week for Defendants and was paid an average of $8.75 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

20. Between the period of on or about July 10, 2009 through on or about December 31, 2017, Plaintiff worked an additional average of 21 overtime hours a week in travel from Defendants' principal place of business during the workday to pick up and to transport patients in Defendants' work vehicle and was paid an average of $8.00 per hour but was never paid anything at all for these hours worked over 40 hours in a week as required by the Fair Labor Standards Act and in violation of 29 C.F.R. § 785.38. Plaintiff therefore claims the time-and-a-half overtime rate for an additional average of 21 overtime hours worked above 40 in a week in travel.

21. Between the period of on or about January 1, 2017 through on or about August 10, 2017, Plaintiff worked an additional average of 21 overtime hours a week in travel from Defendants' principal place of business during the workday to pick up and to transport patients in Defendants' work vehicle and was paid an average of $8.75 per hour but was never paid anything at all for these hours worked over 40 hours in a week as required by the Fair Labor Standards Act and in violation of 29 C.F.R. § 785.38. Plaintiff therefore claims the time-and-a-half overtime rate for an additional average of 21 overtime hours worked above 40 in a week in travel.

22. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair

Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

### COUNT II. FEDERAL OVERTIME WAGE VIOLATION AS AN ALTERNTIVE TO COUNT I[2]

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-22 above and further states:

23. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

---

[2] To the extent Plaintiff's claim in Count I overlaps with Plaintiff's Claim in Counts II and III, Plaintiff is claiming the higher of the two applicable rates.

24. Plaintiff worked for Defendants as an ALF worker/attendant tending to the aged and infirmed from on or about July 10, 2009 through on or about August 10, 2017.

25. 29 C.F.R. § 785.38 states, "Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked. Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice. If an employee normally finishes his work on the premises at 5 p.m. and is sent to another job which he finishes at 8 p.m. and is required to return to his employer's premises arriving at 9 p.m., all of the time is working time. However, if the employee goes home instead of returning to his employer's premises, the travel after 8 p.m. is home-to-work travel and is not hours worked."

26. Between the period of on or about July 10, 2009 through on or about August 10, 2017, Plaintiff worked an average of 99 hours a week for Defendants, including in travel from Defendants' principal place of business during the workday to pick up and to transport patients in Defendants' work vehicle, and was paid an average of $6.56 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act and in violation of 29 C.F.R. § 785.38. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week based on the applicable minimum wage.

27. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll

practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

### COUNT III. FEDERAL MINIMUM WAGE VIOLATION AS AN ALTERNATIVE TO COUNT I[3]

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-27 above and further states:

28. 29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than— $5.85 an hour…" On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

---

[3] To the extent Plaintiff's claim in Count I overlaps with Plaintiff's Claim in Counts II and III, Plaintiff is claiming the higher of the two applicable rates.

29. Between the period of on or about July 10, 2009 through on or about August 10, 2017, Plaintiff worked an average of 99 hours a week for the Defendants, including in travel from Defendants' principal place of business during the workday to pick up and to transport patients in Defendants' work vehicle. Plaintiff was paid an average of $6.56 per hour for said work in violation of the Fair Labor Standards Act as said payment of an average of $6.56 per hour did not meet the applicable Federal Minimum Wage required for said period of time and in violation of 29 C.F.R. § 785.38. Therefore, Plaintiff claims difference between his average hourly rate of $6.56/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

30. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

31. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire

employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
     J.H. Zidell, Esq.
    Florida Bar Number: 0010121