UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-cv-23339-JEM

DUNIA PINO PEREZ a/k/a DUNIA PINO, )
and all others similarly situated under 29 )
U.S.C. § 216(b), )
 )
      Plaintiff, )
 )
vs. )
 )
FIRST QUALITY HOME CARE INC., and )
DULCE M. CUETARA, )
 )
      Defendants. )
_____)

## DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, FIRST QUALITY HOME CARE, INC. ("First Quality") and DULCE M. CUETARA ("Ms. Cuetara"), by and through their counsel, Duane Morris LLP, hereby file their First Amended Answer and Affirmative Defenses to Plaintiff's Complaint and submit the following answers to each separately numbered Paragraph of Plaintiff's Complaint as follows:

1. Paragraph 1 characterizes the action, and thus no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 1.

2. Defendants lack information sufficient to admit or deny the allegations relating to Plaintiff's residency, and therefore, Defendants deny the allegations in Paragraph 2.

3. Defendants deny the allegations in Paragraph 3, except that Defendants admit that First Quality regularly transacts business in Miami-Dade County.

4. Defendants deny the allegations in Paragraph 4, except that Defendants admit that Ms. Cuetara is a corporate officer of First Quality.

5. Defendants lack information sufficient to admit or deny the allegations in Paragraph 5 and, therefore, Defendants deny the allegations in Paragraph 5.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. Paragraph 6 characterizes the action, and thus no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 6. Defendants further deny that there are any "similarly situated employees".

7. Defendants deny the allegations in Paragraph 7, except that Defendants admit that the Court has jurisdiction over the matter.

8. Defendants admit that the statute recited in Paragraph 8 speaks for itself, but Defendants deny that Defendants have violated said statute.

9. Defendants deny the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11, except that Defendants admit that First Quality is an employer subject to the FLSA.

12. Defendants admit the allegations in Paragraph 12.

13. Defendants admit the allegations in Paragraph 13.

14. Defendants admit that the statute recited in Paragraph 14 speaks for itself, but Defendants deny that Defendants have violated said statute.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants admit that the statute recited in Paragraph 17 speaks for itself, but Defendants deny that Defendants have violated said statute.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

In response to the *ad damnum* clause following Paragraph 22, Defendants deny that Plaintiff is entitled to any of the relief requested therein.

## COUNT II. FEDERAL OVERTIME WAGE VIOLATION AS AN ALTERNATIVE TO COUNT I

Defendants incorporate their responses to each and every allegation contained in paragraphs 1 through 22 above with the same force and effect as if fully set forth herein.

23. Defendants admit that the statute recited in Paragraph 23 speaks for itself, but Defendants deny that Defendants have violated the statute.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants admit that the statute recited in Paragraph 25 speaks for itself, but Defendants deny that Defendants have violated said statute.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

In response to the *ad damnum* clause following Paragraph 27, Defendants deny that Plaintiff is entitled to any of the relief requested therein.

## COUNT III. FEDERAL MINIMUM WAGE VIOLATION AS AN ALTERNATIVE TO COUNT I

Defendants incorporate their responses to each and every allegation contained in paragraphs 1 through 22 above with the same force and effect as if fully set forth herein.

DM2\8312513.1

28. Defendants admit that the statute and statements of law recited in Paragraph 28 speak for themselves, but Defendants deny that Defendants have violated said statute or any law.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

In response to the *ad damnum* clause following Paragraph 31, Defendants deny that Plaintiff is entitled to any of the relief requested therein.

Defendants deny that there are any issues triable by a jury.

Defendants deny all allegations except for those allegations that Defendants have expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Any claim for overtime or minimum wage liability and liquidated damages for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947 as amended, 29 U.S.C. § 255, as any violations of the Fair Labor Standards Act which may have occurred were not "willful" within the meaning of the statute.

### SECOND AFFIRMATIVE DEFENSE

Any claim for overtime and minimum wage liability and liquidated damages for a period in excess of three years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 255.

### THIRD AFFIRMATIVE DEFENSE

Any claim for overtime and minimum wage liability and liquidated damages is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 259, as First Quality was at all

times acting in good faith in conformity with and in reliance on written administrative regulations, orders, rulings and interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

### FOURTH AFFIRMATIVE DEFENSE

Any claim for liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216, is barred under the Portal-to-Portal Act of 1947, as amended by 29 U.S.C. § 260, as First Quality was at all times acting in good faith and had reasonable grounds for believing that its actions were not in violation of the Fair Labor Standards Act.

### FIFTH AFFIRMATIVE DEFENSE

For certain periods of time associated with Plaintiff's claims, Plaintiff was exempt from the overtime and minimum wage requirements of the FLSA pursuant to the "companionship" exemption.

**WHEREFORE**, having fully answered, FIRST QUALITY HOME CARE, INC. and DULCE M. CUETARA respectfully request that the Plaintiff's Complaint be dismissed and that Plaintiff recover nothing, and for such other relief to which Defendants may show themselves to be justly entitled.

Dated this 13th day of November, 2017          Respectfully Submitted,

/s/ **Kevin E. Vance**
Kevin E. Vance
Florida Bar No. 0670464
kevance@duanemorris.com
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 0093220
jjfannin@duanemorris.com
DUANE MORRIS LLP
Suite 3400
200 South Biscayne Boulevard
Miami, Florida 33131

Tel: (305) 960-2200<br>
Fax: (305) 960-2201<br>
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing document to be served this 13th day of November, 2017, via CM/ECF, on all counsel of record identified on the below Service List.

s/ Kevin E. Vance<br>
Kevin E. Vance

DM2\8312513.1

## SERVICE LIST

**J.H. Zidell, Esq.**
Florida Bar No. 0010121
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Zabogado@aol.com
*Counsel for Plaintiff*