UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CIV-23339 (AOR)

| | |
|---|---|
| DUNIA PINO PEREZ a.k.a DUNIA PINO and all others similarly situated under 29 U.S.C. 216(b), | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | )<br>) |
| FIRST QUALITY HOME CARE INC, DULCE M. CUETARA | )<br>)<br>) |
| Defendants. | )<br>) |

**JOINT MOTION FOR IN CAMERA APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND STIPULATED DISMISSAL WITH PREJUDICE**

Plaintiff and Defendants, by and through their respective undersigned counsel, file this Joint Motion for Approval of the said Parties' Settlement Agreement, and Stipulated Dismissal with Prejudice and respectfully state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *See, Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc*., 545 F.2d 537, 539 (5th Cir. 1977).

In order to avoid continued costs and the uncertainty of litigation, the said Parties have negotiated a settlement in this matter. Defendants do not admit liability, and Plaintiff does not

admit a lack of liability.  As such, the Parties faced risks if litigation continued.  Therefore, in order to avoid additional costs and the uncertainty of litigation, the Parties have agreed to a settlement amount listed in the attached settlement agreement.

The amount received by Plaintiff as set forth in the parties' settlement agreement, is potentially more than she would have recovered had the case gone to trial. The parties plan to submit the settlement agreement for an "in camera review" on or before March 30, 2018. The parties have no objection to the submission of the agreement directly to Chambers.  The Parties stipulate that the Court should retain jurisdiction over enforcement of the settlement until full payment is made.

WHEREFORE, the said Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement; (2) dismissing this matter with prejudice pursuant to the stipulated settlement and dismissal; and (3) retaining jurisdiction over enforcement of the settlement.

DATED:__ _____

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF

By:__s/__Alejandro G. Martinez-Maldonado_____

DUANE MORRIS, LLP
ATTORNEYS FOR DEFENDANTS

By:_s/___ Kevin E. Vance_____

**Respectfully submitted,**

**ALEJANDRO G. MARTINEZ-MALDONADO**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: MARTINEZ.ZIDELLLAW@GMAIL.COM**
**F.B.N. 0108112**
**BY:   s/  ALEJANDRO G. MARTINEZ-MALDONADO**
               **ALEJANDRO G. MARTINEZ-MALDONADO**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT FOLLOWING CM/ECF FILING VIA SAME ON 3/29/18 TO:**

**ALL CM/ECF RECIPIENTS**


**BY:   s/_ALEJANDRO G. MARTINEZ-MALDONADO**
               **ALEJANDRO G. MARTINEZ-MALDONADO**